## CIRCUIT COURT OF THE CITY OF RICHMOND

Donald Wayne Lankford

v.

Moore's Marine, Inc.

December 11, 1990

Case No. LR-4051-4

### By JUDGE RANDALL G. JOHNSON

This case is presently before the court on defendant's motion for sanctions under Virginia Code § 8.01-271.1. Specifically, defendant asserts that this suit against it was filed without plaintiff or plaintiff's counsel having made "reasonable inquiry" into whether the allegations in the motion for judgment were well grounded in fact as required by that section.

The motion for judgment alleges that in March, 1987, plaintiff purchased from defendant what defendant's salesman represented as a 1987 Mantra power boat for $13,500. When plaintiff attempted to sell the boat in 1988, however, he "was informed that it was not a 1987 model but instead a 1978 model." This, according to the motion for judgment, constituted a breach of contract by defendant, which breach was "willful and malicious, criminal in nature, and done with disregard for plaintiff and plaintiff's rights." Plaintiff sought $13,500 in compensatory damages and $36,500 in punitive damages. After some discovery, plaintiff took a nonsuit.

At a hearing on defendant's motion, plaintiff, plaintiff's wife, and plaintiff's counsel testified. No employee or agent of the defendant testified. From the testimony presented, the court concludes that sanctions are not appropriate.

From the evidence presented at the hearing, it is clear that what plaintiff purchased from defendant was a 1987 boat. The confusion over its model year resulted from the boat's twelve-character serial number, the last three characters of which are supposed to identify the month and year of manufacture. The serial number imprinted on plaintiff's boat should have ended with the numbers 787, indicating that it was manufactured in July, 1987. Actually, it ended with the numbers 778, indicating a manufacture date of July, 1978. It is clear, however, that the serial number was erroneous and that the last two numbers had simply been transposed. The boat *is* a 1987 boat. What is not so clear, however, is why the mistake was not corrected prior to plaintiff's purchase of the boat.

According to plaintiff, he did not find out about the mistake until he attempted to sell the boat in the spring of 1988. It was then that someone at Cycle Junction, a local dealer in boats and other vehicles, told him that the serial number meant it was a 1978 boat. Plaintiff then called Mr. Moore, defendant's salesman, who had sold plaintiff the boat. Mr. Moore told plaintiff not to worry about it because it was a simple mistake. Moreover, again according to plaintiff, Mr. Moore told him that he, Mr. Moore, already knew about the mistake and had received a kit from the manufacturer to change the serial number to reflect the correct date of manufacture. Plaintiff, however, never took the boat back to defendant's place of business to have the number changed. Instead, he filed this lawsuit.

Defendant's first argument appears to be that since defendant told plaintiff that a simple mistake had been made and that the boat really was a 1987 boat, this suit should not have been filed. This argument, however, ignores the fact that according to plaintiff's testimony, which was the only evidence presented on the question, defendant's salesman knew about the mistake *before* plaintiff purchased the boat but that he neither corrected the problem nor informed plaintiff of the mistake until a year later when questioned by the plaintiff. It also ignores the uncontradicted evidence that in order to change the serial number, a portion of the boat would actually have to be cut away and replaced by the kit received from the manufacturer. No

matter how carefully and expertly done, such an operation would have rendered the boat something different than what the plaintiff contracted to purchase in 1987. Thus, the court is unable to conclude that defendant's willingness to correct the erroneous serial number eliminated any cause of action which plaintiff had.

Moreover, as the court noted at the hearing, the motion for judgment does not even allege that the boat was a 1978 boat. All plaintiff alleged was that he was *informed* that it was a 1978 boat. While such an omission may have made the motion for judgment demurrable, a question with which the court was never presented, it does not warrant the imposition of sanctions.

Next, defendant argues that sanctions are required because there was no basis for plaintiff's allegation that defendant's actions were willful and malicious, criminal in nature, and done with disregard for plaintiff and plaintiff's rights. It must be remembered, however, that plaintiff took a nonsuit. Indeed, he never established that he had a basis for *anything* contained in the motion for judgment. Factual allegations, with limited exceptions not relevant here, are established at trial. No trial was held in this case. If defendant claims that no conceivable basis existed for the subject allegations, the burden is on *defendant* to prove it. Otherwise, anytime a plaintiff takes a nonsuit, he or she might be liable for sanctions unless he or she proves, at an evidentiary hearing, that some basis existed for each factual allegation in the motion for judgment. Such a requirement would necessitate a "quasi-trial" in every case in which a nonsuit is taken. The court refuses to believe that such a result was intended when § 8.01-271.1 was enacted. Instead, it is up to the party seeking sanctions to prove that § 8.01-271.1 was violated. Defendant has offered no such proof with regard to the allegations last mentioned.[1]

---

[1] Indeed, as previously discussed, plaintiff's testimony was that defendant's salesman KNOWINGLY sold plaintiff a boat with an incorrect serial number. Without more, the court is simply unable to say that such conduct was NOT willful and malicious, criminal in nature, or done with disregard for plaintiff and plaintiff's rights. In seeking sanctions, the burden is on defendant to show that such allegations were frivolous.

Finally, defendant seems to attach some significance to the question of whether plaintiff could legally operate the boat with an incorrect serial number on it. The court, however, fails to see the relevance of that question. It simply makes no difference. The motion for judgment alleges a breach of contract. Because defendant has failed to prove that such allegation, as well as the other allegations in the motion for judgment, were made without reasonable inquiry into the facts, the motion for sanctions is denied.